## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **L.F., a minor** <br> (1404 Haverston Rd., Lyndhurst, <br> Ohio 44124) | ) <br> ) <br> ) <br> ) | **CASE NO.:** |
| | ) | |
| **JESSICA FRANKLIN AND LANCE** <br> **FRANKLIN, individually and as a parent/** <br> **guardian for MINOR L.F.** <br> (1404 Haverston Rd., Lyndhurst, <br> Ohio 44124) | ) <br> ) <br> ) <br> ) <br> ) | |
| **Plaintiffs,** | ) | **JUDGE:** |
| | ) | |
| **v.** | ) <br> ) | |
| | ) | |
| **THOMAS WELDON,** <br> **sued in his individual** <br> **and official capacity** <br> (2878 Mayfield Road Apt. #2, <br> Cleveland Heights, OH 44118) | ) <br> ) <br> ) <br> ) <br> ) <br> ) | **COMPLAINT** |
| | ) | |
| **LEE FULLER,** <br> **sued in his official capacity** <br> (4807 Mayfield Road Lyndhurst, <br> Ohio 44124) | ) <br> ) <br> ) <br> ) <br> ) <br> ) | |
| | ) | |
| **ROWLAND ELEMENTARY SCHOOL,** <br> (4300 Bayard Rd., South Euclid, OH 44121) | ) <br> ) | **JURY DEMAND ENDORSED HEREON** |
| | ) <br> ) | |
| **SOUTH EUCLID LYNDHURST** <br> **CITY SCHOOL DISTRICT,** <br> (5044 Mayfield Road, Lyndhurst, OH 44124) | ) <br> ) <br> ) | |
| | ) <br> ) | |
| **Defendants.** | ) <br> ) | |

Plaintiffs, L.F., Jessica Franklin, and Lance Franklin, by and through undersigned counsel, for their Complaint against the above-named Defendants, state, and avers as follows:

## I.    <u>INTRODUCTION</u>

1. This action seeks legal and equitable relief for violations of federal laws, including **Ohio Rev. Code Ann. § 2744.03**, and **42 U.S.C. § 1983**, along with claims for civil assault and battery, intentional infliction of emotional distress, and negligent hiring, supervision, and retention. The Plaintiff's claims arise from the egregious physical assaults endured by L.F., a child with special needs, while under the care of the Defendants—South Euclid Lyndhurst City School District, Rowland Elementary School, Principal Lee Fuller, and Thomas Weldon. Under Ohio Rev. Code Ann. § 2744.03, the Defendants are not immune from liability, as their actions and omissions fall outside the protections typically afforded to political subdivisions and public employees due to their gross negligence and willful misconduct. This case demands accountability and justice for the injuries inflicted upon the Plaintiffs.

## II.    <u>PARTIES</u>

2. Plaintiffs Jessica Franklin and Lance Franklin are the parents and legal guardians of L.F., a minor child with special needs. They are residing at 1404 Haverston Rd., Lyndhurst, Ohio 44124.

3. Plaintiff L.F. is a minor child with special needs.

4. Defendant Thomas Weldon, an Instructional School Assistant employed by Rowland Elementary School, sued in his individual and official capacity. He is residing at 2878 Mayfield Road APT. #2, Cleveland Heights, OH 44118

5. Defendant Lee Fuller, the principal of Rowland Elementary, sued in his official capacity. His office address is 4807 Mayfield Road Lyndhurst, Ohio 44124.

6. Defendant Rowland Elementary School is a public school district at 4300 Bayard Rd., South Euclid, OH 44121, United States. It is a political subdivision organized under Ohio law, charged with maintaining a safe environment for its students, including L.F.

7. Defendant South Euclid Lyndhurst City School District is a public school district in eastern Cuyahoga County, Ohio, that serves the cities of South Euclid and Lyndhurst. It is a political subdivision organized under Ohio law, responsible for educational services and the safety of its students. It is located at 5044 Mayfield Road, Lyndhurst, OH 44124.

## III.   JURISDICTION AND VENUE

8. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343, as this action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983.

9. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

10. Venue is proper in this district under 28 U.S.C. § 1391(b) because the events giving rise to this action occurred in this district and the Defendants reside and are employed in this district.

## IV.   GENERAL ALLEGATIONS

11. L.F. (hereinafter referred to as "**the Child**") is a 9-year-old child with special needs who has been diagnosed with Down Syndrome and Autism Spectrum Disorder. He is enrolled in Rowland Elementary School, which is part of the South Euclid Lyndhurst City School District.

12. Hannah Minich is one of the homeroom teachers at Rowland Elementary School.

13. According to Minich's written statement, on October 10, 2023, there were 7 children and 2 staff in the room, including Thomas Weldon and Hannah Minich. The child eloped out of the front classroom door, and Thomas Weldon went after him. Thomas Weldon then opened the door and proceeded to drag L.F. from the ankles.

14. When Thomas Weldon came in, Minich immediately informed him that they were not supposed to do that. Furthermore, Minich emphasized that if he cannot bring the child in, they can pick him up under the arms or they can ask for help.

15. According to Hannah Munich, in another incident, she and Bessie Calhoun were changing a student when Thomas Weldon and the child came into the bathroom. The child had poop on his finger, and Thomas Weldon took him to the bathroom to clean him up.

16. Bessie Calhoun then left with the student, and Hannah Munich stayed in the bathroom to help Thomas Weldon with the child. While they were cleaning the child, he proceeded to pee on the floor. While she was trying to clean the pee, the child put his foot with a sock on into the pee. Thomas Weldon then told the child, "L***, how stupid are you to do that". She immediately told Thomas Weldon that they do not say those words to students. She then had Thomas Weldon take the child back to the room while she finished cleaning up the bathroom.

17. On October 20, 2023, the Child's parents, Lance, and Jessica Franklin, were called by Rowland Elementary School Principal Lee Fuller and informed of a highly disturbing incident involving their son.

18. Principal Lee Fuller indicated that it has a video of an incident where an Instructional School Assistant, an older white male known by the Franklins as Tom, took the Child to the ground, put his foot on the Child's chest, and dragged the Child by the ankles.

19. The Child's Individualized Education Program (IEP) only required maximum adult assistance for all of his daily living skills in the school setting. It did not include the use of physical force or restraint.

20. Defendant, Thomas Weldon, was aware of the Child's diagnosis and the need for specialized care.

21. Furthermore, Lance and Jessica were informed the Child somehow lost a tooth "chewing on Styrofoam" the following day.

22. Notably, and disturbingly, the school did not contact the parents on the day of the assault upon their child by a school employee.

23. Defendant Thomas Weldon had a well-documented history of complaints and disciplinary issues, establishing a repeated pattern of behavior that posed significant risks to student safety.

24. On October 30, 2013, defendant Thomas Weldon received a letter from Kenya L. Harrington, Sr., Principal of South Euclid Lyndhurst School District. Linda Reid, the superintendent of South Euclid Lyndhurst School District, also received a copy of the letter. In that letter, Defendant Thomas Weldon was formally notified of a verbal warning due to his departure before the contracted workday ended. This notice emphasized his responsibility, along with colleagues, to monitor and supervise students consistently in various settings throughout the day, including in classrooms, during lunch, during hall transitions, and while students traveled to and from the bus.

25. On February 14, 2013, defendant Thomas Weldon received a letter from Kenya L. Harrington, Sr., Principal of South Euclid Lyndhurst School District. Linda Reid, the superintendent of South Euclid Lyndhurst School District, also received a copy of the letter. In that letter, Defendant Thomas Weldon received a verbal warning for picking up a chair in front of a student as a demonstration. The action was flagged as inappropriate and potentially threatening, highlighting that such behavior poses a clear safety hazard and should never be used by staff.

26. On January 26, 2023, a Last Chance Agreement was entered, by and among Mr. Tom Weldon, Chapter 207 of the Ohio Association of Public-School Employees, by and through its duly authorized Association President, and the Board of Education of the South Euclid-Lyndhurst City School District, through its duly-authorized Superintendent. In that Last Chance Agreement, it mentioned that on November 18, 2022, a separate misconduct incident involved Defendant Thomas Weldon, who engaged in inappropriate interactions, including a road rage altercation with a community member both off-campus and on school grounds. This incident involved offensive language and actions in front of students and staff, worsening the environment of misconduct within the school.

27. On May 25, 2023, the Defendant on May 25, 2023, Principal Lee E. Fuller evaluated Thomas Weldon for their annual South Euclid-Lyndhurst City Schools Evaluation Report for All OAPSE 207 Personnel. Defendant Principal Lee Fuller noted that Defendant Thomas Weldon required additional guidance on managing students safely. Defendant Thomas Weldon's performance evaluation highlighted his repeated need for directions and reminders, as well as his failure to keep pace in a way that ensured student safety.

28. Despite a clear understanding and constructive knowledge of Defendant Thomas Weldon's past misconduct and the associated risks to student safety, Principal Lee Fuller, Rowland Elementary School, and the South Euclid Lyndhurst City School District remained fully aware of the ongoing dangers he posed to students.

29. Thomas Weldon was an active employee of both Rowland Elementary School and the South Euclid Lyndhurst City School District during the period when the child suffered abuse.

30. Despite knowing the risks associated with Thomas Weldon's continued employment, Principal Lee Fuller, Rowland Elementary School, and the South Euclid Lyndhurst City School District failed to take essential protective measures, such as increased supervision or dismissal, actions that could have prevented harm to the child.

31. Thomas Weldon's unlawful act of stepping on the child's chest caused physical injuries and emotional trauma.

32. South Euclid Lyndhurst City School District, Rowland Elementary School, and Principal Lee Fuller, despite being notified of the assault committed, failed to take appropriate actions to prevent such misconduct, adequately investigate the incident, or ensure the safety and well-being of the Child and further acted with deliberate indifference to the safety of the Child.

## V.    LEGAL CLAIMS

### A.  FIRST CLAIM OF RELIEF

**Violation of Ohio Rev. Code Ann. § 2744.03 against South Euclid Lyndhurst City School District and Rowland Elementary School**

33. Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1 through 32 above.

### i. Ohio Rev. Code Ann. § 2744.03

34. Under **Ohio Rev. Code Ann. § 2744.03(A)(5),** the political subdivision is immune from liability if the injury, death, or loss to person or property resulted from the exercise of judgment or discretion in determining whether to acquire, or how to use, equipment, supplies, materials, personnel, facilities, and other resources unless the judgment or discretion was exercised with malicious purpose, in bad faith, or in a wanton or reckless manner.

35. Under **Ohio Rev. Code Ann. § 2744.03(A)(6),** in addition to any immunity or defense referred to in division (A)(7) of this section and in circumstances not covered by that division or sections 3314.07 and 3746.24 of the Revised Code, the employee is immune from liability unless one of the following applies:

   a. The employee's acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities;

   b. The employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner.

   c. Civil liability is expressly imposed upon the employee by a section of the Revised Code. Civil liability shall not be construed to exist under another section of the Revised Code merely because that section imposes a responsibility or mandatory duty upon an employee, because that section provides for a criminal penalty, because of a general authorization in that section that an employee may sue and be

sued, or because the section uses the term "shall" in a provision pertaining to an employee.

### ii.     The employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner.

36. In ***Parmertor v. Chardon Loc. Sch., 2019-Ohio-328, ¶ 39, 119 N.E.3d 436, 447,*** the Court ruled that:

> Subject to three exceptions, employees of political subdivisions, which includes school districts, are immune from liability in a civil action brought "to recover damages for injury, death, or loss to person or property allegedly caused by an act or omission in connection with a governmental or proprietary function." **R.C. 2744.03(A)**. The exception to immunity relevant in this case is when "the employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner." **R.C. 2744.03(A)(6)(b).**

> "***Malice***" is characterized by "hatred, ill will or a spirit of revenge," or "a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm." "***Bad faith***" connotes a "dishonest purpose" or "conscious wrongdoing." "***Wanton***" misconduct is the failure to exercise any care whatsoever towards those to whom a duty of care is owed under circumstances where there is a great probability that harm will occur. "***Reckless***" conduct includes actions where one possesses a "perverse disregard of a known risk" and where the actor is conscious that his conduct will in all probability result in injury.

These mental states have been summarized as "a willful and intentional design to do injury without just cause or excuse or a failure to exercise any care when the probability of harm is great, and that probability of harm is known to the actor.

"While a political subdivision employee's entitlement to immunity is ordinarily a question of law, whether there exists malice, bad faith, and wanton or reckless behavior are generally questions of fact to be resolved by the jury.

### a. Malice

37. "*Malice*," within the meaning of the exception to immunity from liability when a political subdivision employee's acts were with malicious purpose, in bad faith, or in wanton or reckless manner, is characterized by hatred, ill will or a spirit of revenge, or conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm. *Id*

38. One acts with a malicious purpose if one willfully and intentionally acts with a purpose to cause harm, for purposes of statutory exception to political subdivision immunity for employees of political subdivision. *Anderson v. Westlake, 2021-Ohio-4582, 182 N.E.3d 1225*

39. This definition is consistent with other cases, such as "malice" being characterized by "hatred, ill will or a spirit of revenge," or "a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm." *Vidovic v. Hoynes, 2015-Ohio-712, 29 N.E.3d 338*

40. When the conduct of an employee of a political subdivision is motivated by actual malice, it is outside the scope of his or her employment and thus is not subject to immunity from

tort liability for the acts of such employees in their governmental or proprietary functions. *Reynolds v. Hamilton Cnty. Developmental Disabilities Servs., 2024-Ohio-83, 233 N.E.3d 1161, appeal not allowed sub nom. Reynolds v. Hamilton Cty. Dev. Disabilities Servs., 2024-Ohio-2160, 174 Ohio St. 3d 1497, 235 N.E.3d 466, reconsideration denied, 2024-Ohio-2927, 175 Ohio St. 3d 1409, 239 N.E.3d 400*

### b. Bad Faith

41. "*Bad faith*," within the meaning of the exception to immunity from liability when a political subdivision employee's acts were with malicious purpose, in bad faith, or in wanton or reckless manner, connotes a dishonest purpose or conscious wrongdoing. *Parmertor v. Chardon Loc. Sch., 2019-Ohio-328, 119 N.E.3d 436*

42. The term "bad faith," for purposes of statutory exception to political subdivision immunity for employees of political subdivision, embraces more than bad judgment or negligence; it is conduct that involves a dishonest purpose, moral obliquity, conscious wrongdoing, breach of a known duty through some ulterior motive or ill will partaking of the nature of fraud. *Anderson v. Westlake, 2021-Ohio-4582, 182 N.E.3d 1225*

43. In order for political subdivision immunity to be precluded due to malicious, bad faith, or wanton or reckless conduct, the actor must be conscious that his conduct will in all probability result in injury; there must be a perverse disregard of a known risk. *Stepp v. Medina City Sch. Dist. Bd. of Edn., 2016-Ohio-5875, 71 N.E.3d 609.*

### c. Wanton Misconduct

44. "Wanton" misconduct, within the meaning of the exception to immunity from liability when a political subdivision employee's acts were with malicious purpose, in bad faith, or in wanton or reckless manner, is the failure to exercise any care whatsoever towards those to whom a duty of care is owed under circumstances where there is a great probability that harm will occur. *Parmertor v. Chardon Loc. Sch., 2019-Ohio-328, 119 N.E.3d 436*

### d. Reckless conduct

45. "Reckless" conduct, within the meaning of the exception to immunity from liability when a political subdivision employee's acts were with malicious purpose, in bad faith, or in wanton or reckless manner, includes actions where one possesses a perverse disregard of a known risk and where the actor is conscious that his conduct will in all probability result in injury. *Parmertor v. Chardon Loc. Sch., 2019-Ohio-328, 119 N.E.3d 436*

### iii. Violation of Ohio Rev. Code Ann. § 2744.03 against South Euclid Lyndhurst City School District and Rowland Elementary School

46. Under **Ohio Rev. Code Ann. § 2744.03(A)(5),** a political subdivision is immune from liability for discretionary decisions unless such discretion is exercised with malicious purpose, in bad faith, or in a wanton or reckless manner. This provision establishes a threshold for determining when immunity may be overcome, recognizing that certain actions or omissions can strip public entities of the protections typically granted to them.

47. Defendants South Euclid Lyndhurst City School District, and Rowland Elementary School, and its administrators, including Defendant Principal Fuller, acted with wanton and reckless disregard for L.F.'s safety by failing to supervise and adequately train employees, including Defendant Weldon, on handling children with special needs. The Ohio Supreme

Court has noted that "wantonly" or "recklessly" indicates a failure to exercise any care whatsoever towards those to whom a duty of care is owed, especially under circumstances where there is a great probability that harm will occur.

48. This principle is exemplified in the case of ***Valentino v. Wickliffe City Sch. Dist. Bd. of Edn., 2010-Ohio-5515, ¶ 47***, wanton misconduct' comprehends an entire absence of all care for the safety of others and an indifference to consequences. It implies a failure to exercise any care toward those to whom a duty of care is owed when the probability that harm will result from such failure is great, and such probability is known to the actor. It is not necessary that an injury be intended or that there be any ill will on the part of the actor toward the person injured as a result of such conduct.

49. Their failure to take action against Defendant Thomas Weldon, despite knowing of prior complaints, created a substantial risk of harm, as defined in ***Parmertor v. Chardon Loc. Sch., 2019-Ohio-328, 119 N.E.3d 436***. In this case, the court ruled that a political subdivision and its employees may lose immunity if their conduct demonstrates a conscious disregard for the rights and safety of others, thus leading to a substantial probability of causing harm. The evidence in this case indicates that the Defendants had actual and constructive knowledge of previous complaints and misconduct related to Weldon's behavior, yet they chose to ignore these warnings, which constitutes wanton and reckless misconduct.

50. In ***DiGiorgio v. Cleveland, 2011-Ohio-5878,*** the Court held that in the proper case, a municipality's failure to train, supervise, or communicate with its police officers could be evidence that the municipality acted in a reckless or wanton manner, thereby depriving the municipality of any defense to immunity.

51. Furthermore, the lack of appropriate training for employees dealing with special needs children demonstrates a gross departure from the standard of care expected from educational institutions. Under limited circumstances, and depending on provable facts, a cause of action may be brought against an employer for its negligence when it breaches an established duty to supervise or control its employees, fails to take reasonable action to provide safe working conditions, or fails to provide training to avoid or prevent a foreseeable risk of injury, and that breach is a proximate cause of injury. *Johnson v. Montgomery, 2016-Ohio-1472, 63 N.E.3d 631, aff'd, 2017-Ohio-7445, 151 Ohio St. 3d 75, 86 N.E.3d 279*

52. The defendants' actions reflect not only a negligence standard but also meet the threshold of wanton and reckless behavior that negates their statutory immunity under Ohio law. the failure of the Defendants South Euclid Lyndhurst City School District, Rowland Elementary School, Principal Fuller, and their staff to take necessary precautions and remedial actions against known risks associated with Defendant Thomas Weldon's behavior establishes that their actions rise to the level of wanton and reckless misconduct, thus removing any claim to immunity under **Ohio Rev. Code Ann. § 2744.03(A)(5)**.

## B. SECOND CLAIM FOR RELIEF

### Violation of Ohio Rev. Code Ann. § 2744.03 Against Defendant Lee Fuller

53. Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1 through 52 above.

54. Under **Ohio Rev. Code Ann. § 2744.03(A)(6)(b)**, employees of political subdivisions are immune from liability unless they act with malicious purpose, bad faith, or in a wanton or reckless manner. This provision is designed to protect public employees in the performance

of their official duties, but it also holds them accountable when their actions or inactions demonstrate a clear disregard for the safety and well-being of others. The courts have established that this statutory immunity is not absolute and can be overcome by evidence of misconduct that exceeds mere negligence.

55. Defendant Principal Lee Fuller's deliberate inaction in response to reports of Defendant Weldon's physical and verbal abuse towards L.F. demonstrates a wanton disregard for L.F.'s safety. Principal Fuller was aware of the ongoing risk posed by Defendant Thomas Weldon's behavior yet failed to take corrective measures to prevent further harm. This failure to act constitutes wanton misconduct as it reflects a conscious disregard for the safety of a vulnerable student.

56. In ***Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown, 520 U.S. 397, 407, 117 S. Ct. 1382, 1390, 137 L. Ed. 2d 626 (1997)*** the Court held that their continued adherence to an approach that they know or should know has failed to prevent tortious conduct by employees may establish the conscious disregard for the consequences of their action—the "deliberate indifference"—necessary to trigger municipal liability.

57. Defendant Principal Lee Fuller's conscious disregard of his duty to investigate and protect L.F. reflects bad faith and recklessness, as it posed a great probability of harm, consistent with the standards set forth in ***Parmertor v. Chardon Loc. Sch., 2019-Ohio-328, 119 N.E.3d 436***. In ***Parmertor***, the court defined "bad faith" as actions that exhibit a dishonest purpose or conscious wrongdoing. Defendant Principal Lee Fuller's decision to ignore prior complaints against Defendant Thomas Weldon, despite being in a position to act, demonstrates a lack of commitment to the welfare of his students and a disregard for the responsibilities of his role.

58. In ***M.F. by Karisma v. Perry Cnty. Child. Servs. M.F., 2019-Ohio-5435, ¶ 32***, the Court ruled that employees can lose their immunity for acting "with malicious purpose, in bad faith, or a wanton or reckless manner. Due to Defendant Fuller's wanton and reckless disregard for L.F.'s safety, his immunity under § 2744.03(A)(6)(b) is negated.

59. Defendant Principal Lee Fuller's failure to take appropriate action in light of the known risks posed by Defendant Thomas Weldon's behavior represents not only a breach of his duty to L.F. but also an abandonment of the responsibilities inherent in his position. His conduct, characterized by inaction and disregard for the safety of a student, meets the criteria established under Ohio law to negate any claims of immunity, thereby exposing him to liability for the harm caused to L.F.

## C. THIRD CLAIM FOR RELIEF

### Violation of Ohio Rev. Code Ann. § 2744.03 Against Defendant Thomas Weldon

60. Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1 through 59 above.

61. Under **Ohio Rev. Code Ann. § 2744.03(A)(6),** employees are immune from liability unless their actions were manifestly outside the scope of their employment or were carried out with malicious purpose, in bad faith, or in a wanton or reckless manner. This statute reflects a careful balance between allowing public employees to perform their duties without fear of litigation and holding them accountable for actions that exceed acceptable boundaries.

62. Defendant Thomas Weldon's actions, including physically dragging L.F. and verbally demeaning him, demonstrate malicious purpose and reckless disregard for L.F.'s rights and safety, meeting the standards outlined in ***Parmertor v. Chardon Loc. Sch., 2019-Ohio-328, 119 N.E.3d 436***. In this case, the court determined that "malice" is characterized by

hatred, ill will, or conscious disregard for the rights and safety of others, which is relevant here given Weldon's behavior towards L.F. Furthermore, the Court of Appeals of Ohio, Stark County in *Jackson v. McDonald, 144 Ohio App. 3d 301, 760 N.E.2d 24 (2001)* emphasized that to act in reckless disregard of the safety of others, thereby removing protection of official immunity, a government employee's conduct must be of such risk that it is substantially greater than that which is necessary to make the conduct negligent., highlighting the legal principle that actions that create a substantial risk of harm cannot be excused.

63. The Ohio courts have consistently held that actions that violate established standards of care and expected behavior in educational settings cannot be considered within the scope of employment. In *Doe v. Aberdeen Sch. Dist., 42 F.4th 883 (8th Cir. 2022), reh'g denied, No. 21-3269, 2022 WL 3754007 (8th Cir. Aug. 30, 2022)* it involved a Public school teacher who taught students with disabilities substantially departed from accepted principles, and as such, she violated students' clearly established rights to be free from unreasonable seizures, when she secluded a student in locked "little room," secluded a student in "calm-down corner" using dividers to barricade student in the area, grabbed a student's arms to push him into the swimming pool when he refused to swim and pinned down a student to strip his clothes off when he also refused to swim, and thus, she was not entitled to qualified immunity for the violations; teacher used restraint and coercion for minor disciplinary infractions without evidence that students posed an imminent risk of harm to themselves or others and to coerce compliance with routine directives.

64. Such conduct creates a significant departure from the duties expected of a public-school employee, further confirming that Thomas Weldon's actions were not merely negligent but rather reflective of a reckless disregard for the welfare of L.F.

65. In *M.F. by Karisma v. Perry Cnty. Child. Servs. M.F., 2019-Ohio-5435, ¶ 32*, the Court ruled that employees can lose their immunity for acting "with malicious purpose, in bad faith, or a wanton or reckless manner. When an employee's conduct is substantially and demonstrably harmful, it negates any immunity that may have been otherwise claimed. This case further affirms that Defendant Thomas Weldon's actions, characterized by both physical abuse and verbal denigration, exceed the permissible boundaries of conduct expected from a school employee and therefore warrant the conclusion that immunity does not apply in this case.

66. Defendant Thomas Weldon's actions exhibit malicious intent and a reckless disregard for the safety and rights of L.F. These actions fall well outside the bounds of acceptable conduct in an educational setting, thereby negating any potential claims to immunity under **Ohio Rev. Code Ann. § 2744.03(A)(6)**. The law clearly delineates that public employees who act with malicious purpose or in a wanton or reckless manner are not afforded the protections of statutory immunity, which is evident in the conduct of Defendant Thomas Weldon towards L.F.

## D. FOURTH CLAIM FOR RELIEF

### Violation of 42 U.S.C. § 1983

67. Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1 through 66 above.

68. Section 1983 was enacted as Section 1 of the Civil Rights Act of 1871 and can be invoked whenever state or local government officials violate federally guaranteed rights.

69. The language of **Section 1983** reads:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress... **42 U.S.C. § 1983.**

70. It also explained that "where school authorities, acting under color of state law, deliberately decide to punish a child for misconduct by restraining the child and inflicting appreciable physical pain, we hold that Fourteenth Amendment liberty interests are implicated." ***Neal ex rel. Neal v. Fulton Cnty. Bd. of Educ., 229 F.3d 1069, 1074 (11th Cir. 2000)***

71. Under **U.S. Const. amend. XIV,** all persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

72. The substantive component of the due process clause protects individual liberty against certain government actions regardless of the fairness of the procedures used to implement them. It is violated by state conduct when it can properly be characterized as

arbitrary, or conscience-shocking, in a constitutional sense. ***Neal ex rel. Neal v. Fulton Cnty. Bd. of Educ., 229 F.3d 1069 (11th Cir. 2000)***

73. Schools must protect students from harm, including the harm inflicted or created by its staff. While acts by a staff member resulting in injury to a student generally fit into the category of negligence, a teacher or an administrator as a state actor can generate a state-created danger.

74. Schools generally must protect students from harm, including harm inflicted by staff. This duty is often framed within the context of negligence. In the case of ***L.R. v. School District of Philadelphia***, the court found that a teacher's affirmative use of authority that created or increased danger to a student could support a § 1983 claim under the "state-created danger" exception. A kindergarten teacher made affirmative use of the authority that created or increased danger to his student, as required to support § 1983 claim by the student's mother under the "state-created danger" exception to the general rule that substantive due process imposed no duty on states to protect their citizens from private harm, as related to sexual assault of student after teacher allowed her to leave the classroom with unidentified adult, where teacher surrendered state's responsibility for student's safety by releasing her to unidentified adult, thereby terminating her access to school's care, and responsibility relinquished was integral part of teacher's job functions as state actor. ***L.R. v. Sch. Dist. of Philadelphia, 836 F.3d 235 (3d Cir. 2016)***

75. School officials can be held responsible when they knew of impending danger, were recklessly indifferent to it, and through the authority vested in them by the state (public school board of education), knowingly created a dangerous environment that led to an otherwise preventable injury. In the case ***Doe v. Taylor Independent School Dist.*** from

the United States Court of Appeals, Fifth Circuit, the court held that school officials could be held liable for supervisory failures that result in the molestation of a schoolchild if those failures manifest a deliberate indifference to the constitutional rights of that child. ***Doe v. Taylor Indep. Sch. Dist., 15 F.3d 443, 445 (5th Cir. 1994)***

76. Liability under Section 1983 can be imposed on a school district if a student's deprivation of rights is consistent with a school or district's custom or policy, or if it results from an act of those who are ultimately responsible for setting policy in that area of school business. In ***Shrum ex rel. Kelly v. Kluck,*** the court noted that a school district may be accountable for the unconstitutional acts of its employees if a constitutional deprivation results from either *(1)* implementation or execution of an unconstitutional policy or custom by school officials or employees, or *(2)* in the event of a substantive due process violation, an executive action by a school official. ***Shrum ex rel. Kelly v. Kluck, 249 F.3d 773 (8th Cir. 2001)***

77. Educators who deliberately cause serious harm to a student, such as in the case of a coach who put a student's eye out by hitting him with a metal object may be sued. In the case of ***Neal ex rel. Neal v. Fulton County Bd. of Educ.,*** a football coach allegedly struck a student with a metal weight lock, resulting in the student losing the use of one eye. Plaintiff has adequately alleged a violation of his right under the Fourteenth Amendment to be free from excessive corporal punishment. ***Neal ex rel. Neal v. Fulton Cnty. Bd. of Educ., 229 F.3d 1069, 1076 (11th Cir. 2000)***

78. A school district and/or its officials or employees may be held liable under Section 1983 if any of the following conditions are met:

a. **A public employee committed constitutional violation pursuant to a formal governmental policy or longstanding practice or custom constituting standard operating procedure of a local governmental entity, an individual who committed constitutional tort was official with final policy-making authority, or that official with final policy-making authority ratified subordinate's unconstitutional decision or action and the basis for it.**

    i. Supervisors and local government entities may, in some cases, be liable under federal civil rights statutes for their unconstitutional acts.

    ii. In the case ***Monell v. Department of Social Services of City of New York***, it explicitly addresses the liability of local government entities under federal civil rights statutes for their own unconstitutional acts. The Supreme Court held that local government units could be sued under 42 U.S.C. § 1983 for constitutional violations resulting from official policies or customs. The alleged policy of the Department of Social Services and the Board of Education of the City of New York in requiring pregnant employees to take unpaid leaves of absence before those leaves are required for medical reasons involved official policy as the moving force of the alleged constitutional violation so that those bodies could be sued and held liable for the equitable relief of back pay under the Civil Rights Act of 1871. ***Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).*** This case established that local governments are "persons" under § 1983

and can be held liable when the constitutional deprivation arises from a governmental custom or policy

b. **School districts can only be liable under Title IX for peer sexual harassment if the district remains deliberately indifferent to acts of harassment of which it has actual knowledge.** ***Murrell v. Sch. Dist. No. 1, Denver, 186 F.3d 1238 (10th Cir. 1999)****.* This Title IX standard can be applied in Section 1983 cases as well.

   i. The case of ***Murrell v. School District No. 1***, ***Denver*** discusses the liability of a school district under Section 1983 when a school official with the authority to take corrective action has actual notice of wrongdoing and is deliberately indifferent. In this case, the court found that the highest-ranking administrator at the school had substantial control over the school environment and the alleged harasser, and her knowledge could be charged to the school district. The principal's alleged failure to investigate known claims of harassment amounted to deliberate indifference.

   ii. Inadequate training of employees, may be viewed as a form of indifference. The case ***City of Canton, Ohio v. Harris*** mentions that inadequate training of employees may be viewed as a form of indifference. The Supreme Court in this case stated that "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers can reasonably be said to have been deliberately indifferent to the need". ***City***

*of Canton, Ohio v. Harris, 489 U.S. 378, 390, 109 S. Ct. 1197, 1205, 103 L. Ed. 2d 412 (1989)*

c. **For § 1983 liability to be imposed on state-created danger theory, the environment created by state actors must be dangerous, they must know it is dangerous, and they must have used their authority to create an opportunity that would not otherwise have existed for third party's crime to occur; i.e., defendants must have been at least deliberately indifferent to the plight of the plaintiff.** *Johnson v. Dallas Indep. Sch. Dist., 38 F.3d 198 (5th Cir. 1994)*

   i. The case of *Murrell v. School District No. 1, Denver* involves facts that are similar to the scenario described in this case. In this case, the highest-ranking administrator at the school had substantial control over the school environment and the harassing student during school hours. The principal and teachers allegedly failed to appropriately discipline the student with known violent propensities, which amounted to deliberate indifference. *Id*

   ii. To successfully plead the claim under the "state-created danger" exception to the general rule that substantive due process imposes no duty on states to protect their citizens from private harm, the plaintiff must satisfy four elements: **(1)** harm ultimately caused was foreseeable and fairly direct; **(2)** state actor acted with a degree of culpability that shocks the conscience; **(3)** relationship between state and plaintiff existed such that plaintiff was a foreseeable victim of defendant's acts,

or member of a discrete class of persons subjected to potential harm brought about by state's actions, as opposed to a member of the public in general; and **(4)** state actor affirmatively used his or her authority in a way that created a danger to citizen or that rendered citizen more vulnerable to danger than had state not acted at all. ***L.R. v. Sch. Dist. of Philadelphia, 836 F.3d 235 (3d Cir. 2016)***

79. Defendants Thomas Weldon, Principal Lee Fuller, Rowland Elementary School, and South Euclid Lyndhurst City School District, clothed in the authority of the state law, deprived the Child of rights guaranteed by the Constitution and laws of the United States, including the Fourteenth Amendment's guarantee of equal protection and due process.

80. The official himself must be acting sincerely and with a belief that he is doing right, but an act violating a student's constitutional rights can be no more justified by ignorance or disregard of settled, indisputable law on the part of one entrusted with the supervision of students' daily lives than by the presence of actual malice. ***Wood v. Strickland, 420 U.S. 308, 329, 95 S. Ct. 992, 1004, 43 L. Ed. 2d 214 (1975), abrogated by Harlow v. Fitzgerald, 457 U.S. 800, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982)***

81. Therefore, in the specific context of school discipline, we hold that a school board member is not immune from liability for damages under § 1983 if he knew or reasonably should have known that the action he took within his sphere of official responsibility would violate the constitutional rights of the student affected, or if he took the action with the malicious intention to cause a deprivation of constitutional rights or other injuries to the student. ***Id***

82. A compensatory award will be appropriate only if the school board member has acted with such an impermissible motivation or with such disregard for the student's established

constitutional rights that his action cannot reasonably be characterized as being in good faith. *Id*

83. Under **Ohio Rev. Code Ann. § 2744.03**, a political subdivision is immune from liability if the injury, death, or loss to a person or property resulting from the exercise of judgment or discretion unless the judgment was exercised with malicious purpose, in bad faith, or in a wanton or reckless manner. In this case, the inactions of Defendants Principal Lee Fuller, Rowland Elementary School, South Euclid Lyndhurst Schools, and Defendant Thomas Weldon's actions, which included physically assaulting the Child, demonstrate a reckless disregard for the Child's safety, thus nullifying any potential immunity.

84. In ***Parmertor v. Chardon Loc. Sch., 2019-Ohio-328, ¶ 39, 119 N.E.3d 436, 447***, the court clarified that malice, bad faith, wanton misconduct, and reckless conduct all fall under the exceptions to immunity. The Defendants' actions meet these standards, as they reflect a conscious disregard for the rights and safety of the Child, likely resulting in substantial harm.

**Liability Under 42 U.S.C. § 1983 for Violation of Substantive Due Process Rights**

85. The Child's substantive due process right to bodily integrity was violated by the repeated use of excessive and unjustified physical force, including being dragged by the ankles and stepped on by staff. Such acts are constitutionally impermissible under ***Neal ex rel. Neal v. Fulton Cnty. Bd. of Educ., 229 F.3d 1069, 1074 (11th Cir. 2000),*** where corporal punishment implicating physical harm was held to violate due process.

86. The physical restraint and verbal abuse, such as calling the Child "stupid," and the failure to prevent these incidents, rise to the level of behavior described as "conscience-shocking" in ***Neal ex rel. Neal***.

**Deliberate Indifference to Known Risks (State-Created Danger Doctrine)**

87. The actions of Thomas Weldon and the failure to intervene or take remedial action by Principal Lee Fuller, Rowland Elementary School, and South Euclid Lyndhurst City School District satisfy the elements of the state-created danger exception as outlined in *L.R. v. Sch. Dist. of Philadelphia, 836 F.3d 235 (3d Cir. 2016):*

    a. The harm was foreseeable and direct (staff's physical actions caused the injury).

    b. Defendants acted with culpability by ignoring repeated complaints about Weldon's behavior.

    c. The Child was a foreseeable victim as a member of a vulnerable population such as children.

    d. Authority was affirmatively used to exacerbate the risk (e.g., inadequate training and supervision of staff like Thomas Weldon).

**State Law Claims and Immunity Exceptions**

88. *Ohio Rev. Code Ann. § 2744.03* provides immunity exceptions for acts taken with malicious purpose, bad faith, or wanton/reckless conduct. The conduct of Thomas Weldon, combined with the inaction of Principal Fuller, meets these standards as explained in *Parmertor v. Chardon Loc. Sch., 2019-Ohio-328, ¶ 39*.

89. Deliberate indifference and conscious disregard for the safety of a vulnerable student like the Child demonstrate recklessness sufficient to pierce immunity.

90. The school district and its officials failed to implement reasonable protections for the Child, creating a dangerous environment in violation of their duty to protect students. This negligence is actionable under Ohio state law.

**Principal Lee Fuller's Liability**

91. Principal Lee Fuller bears personal liability under § 1983 and potentially under state law for his supervisory and administrative failures. These failures enabled Thomas Weldon's conduct and exposed the Child to harm, violating federal and state legal standards.

*Supervisory Liability under § 1983*

a. Deliberate Indifference to Known Risks

92. Principal Fuller's awareness of Thomas Weldon's prior misconduct (e.g., threats, poor student supervision, road rage) and his failure to act constituted deliberate indifference. This inaction satisfies the standard articulated in *Doe v. Taylor Indep. Sch. Dist.*, where school officials were held liable for failing to address known risks of harm to students.

93. Principal Lee Fuller's failure to discipline Thomas Weldon or remove him from positions of authority after multiple complaints reflects reckless disregard for student safety. Under *Murrell v. Sch. Dist. No. 1, Denver*, a principal's failure to act on knowledge of harassment or abuse constitutes deliberate indifference.

b. Failure to Train or Supervise

94. Principal Fuller failed to ensure that Thoomas Weldon received proper training in handling students with care, creating a foreseeable risk of harm. As in *City of Canton, Ohio v. Harris, 489 U.S. 378 (1989)*, the absence of adequate training can constitute deliberate indifference when it predictably leads to constitutional violations.

### c. Policy Implementation or Ratification

95. Principal Lee Fuller effectively ratified Thomas Weldon's conduct by taking no corrective action and maintaining a workplace culture where such behavior could flourish. Liability attaches under *Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978)*, when an official with final policymaking authority (Fuller, as principal) enables constitutional violations through tacit approval or deliberate inaction.

### *State Law Liability*

### a. Recklessness and Malice

96. Under **Ohio Rev. Code Ann. § 2744.03**, Principal Fuller's inaction meets the threshold of reckless or wanton conduct. His disregard for the Child's safety and failure to address Weldon's behavior violated the duty of care owed to students.

### b. Negligence

97. Principal Fuller's failure to implement reasonable oversight measures directly contributed to the Child's harm. His actions, or lack thereof, breached the duty to protect students, exposing him to state law liability.

### **Rowland Elementary School's Liability**

98. Rowland Elementary School, as a component of the South Euclid Lyndhurst City School District, is directly implicated through its customs, practices, and oversight failures that facilitated constitutional violations.

### *Institutional Liability under § 1983*

<u>a. Custom or Policy of Indifference</u>

**99.** The school perpetuated a custom of ignoring staff misconduct, which allowed Weldon's abusive behavior to continue unchecked. Liability arises under ***Monell***, as the school's inaction in addressing Thomas Weldon's past disciplinary incidents represents an institutional policy of deliberate indifference.

<u>b.  State-Created Danger Doctrine</u>

**100.**      The school, through its employees, knowingly created a dangerous environment for the Child, as in ***L.R. v. Sch. Dist. of Philadelphia***, the school's failure to intervene despite awareness of Thomas Weldon's behavior exposed the Child to foreseeable harm.

<u>c. Failure to Train or Supervise Staff</u>

**101.**      The school failed to ensure its staff, including Thomas Weldon, were properly trained to handle students in compliance with constitutional protections. As outlined in ***City of Canton v. Harris***, inadequate training can support § 1983 liability when it predictably results in harm.

### *State Law Liability*

<u>a. Negligence in Hiring and Supervision</u>

**102.**      The school failed to exercise reasonable care in hiring, training, and supervising Thomas Weldon. Its negligence in retaining him despite known risks to students contributed directly to the harm suffered by the Child.

b. Recklessness and Wanton Misconduct

103.     Under Ohio law, the school's failure to act on repeated warnings about Thomas

Weldon's behavior constitutes wanton misconduct, piercing any potential immunity under

***Ohio Rev. Code Ann. § 2744.03***.

### South Euclid Lyndhurst City School District's Liability

104.     The South Euclid Lyndhurst City School District holds systemic responsibility for

the failures at Rowland Elementary and is liable under both federal and state laws for its

policies, practices, and failure to enforce safeguards.

### *Federal Liability under § 1983*

a. Liability for Constitutional Violations

105.     As the governing body, the district is liable for policies or customs that caused the

deprivation of the Child's constitutional rights. The district's pattern of ignoring Thomas

Weldon's prior incidents and the failure to provide proper training or supervision constitute

actionable policies under ***Monell***.

b. Deliberate Indifference to Student Safety

106.     The district demonstrated deliberate indifference by failing to create and enforce

protocols to protect students from harm, including harm caused by staff. This systemic

failure aligns with the precedent set in ***Murrell v. Sch. Dist. No. 1, Denver***, where a

district's failure to address harassment was held to violate § 1983.

### c. Failure to Supervise Principals and Staff

**107.**     The district failed to oversee Principal Fuller and other administrative staff, allowing the environment at Rowland Elementary to deteriorate. As in ***Shrum ex rel. Kelly v. Kluck, 249 F.3d 773 (8th Cir. 2001)***, a district's failure to monitor or correct executive actions can give rise to liability.

**State Law Liability**

### a. Institutional Negligence

**108.**     The district owed a duty of care to its students, including the Child, to ensure their safety. Its failure to adequately oversee its employees and address Thomas Weldon's prior misconduct constitutes gross negligence.

### b. Inadequate Training as Recklessness

**109.**     By failing to provide sufficient training for Thomas Weldon, Principal Fuller, and other staff, the district acted recklessly, exposing students to predictable harm. Under ***City of Canton***, such failure demonstrates deliberate indifference that breaches its legal obligations.

### c. Exceptions to Immunity under Ohio Law

**110.**     The district's actions fall within the exceptions to immunity under **Ohio Rev. Code Ann. § 2744.03** because they reflect reckless, wanton, and malicious conduct in failing to protect the Child.

### E. FIFTH CLAIM FOR RELIEF

### Intentional Assault and Battery against the Child

**111.**    Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1 through 110 above.

**112.**    The defendant Thomas Weldon's actions were malicious, with the intent to injure the child. These actions constitute an assault and battery upon the child, rendering Defendant civilly liable in tort for all consequential damages and punitive damages.

**113.**    Defendant's inappropriate contact with the child, as described above, constitutes the civil tort of assault and battery which would entitle the child to compensation for the damages he suffered.

**114.**    The defendant's actions were harmful and offensive to the child and his sense of personal dignity.

**115.**    Any statutory immunity that the school board or district may have otherwise claimed is nullified by Defendant Thomas Weldon's deliberate and malicious actions, which are characterized by a conscious disregard for the Child's rights and safety.

**116.**    Under **Ohio Rev. Code Ann. § 2744.03**, a political subdivision is immune from liability if the injury resulted from the exercise of judgment or discretion unless that judgment was exercised with malicious purpose, in bad faith, or a wanton or reckless manner. Here, Defendant Thomas Weldon's actions, which included physically dragging the Child and stepping on his chest, demonstrate wanton and reckless misconduct. As per the ruling in *Parmertor v. Chardon Loc. Sch., 2019-Ohio-328, ¶ 39, 119 N.E.3d 436, 447*, such actions can be characterized by "malice," "bad faith," "wanton" misconduct, and "reckless" conduct, all of which strip away any potential immunity.

117.    As a direct and proximate result of Defendant's offensive and inappropriate actions towards the child, he has suffered damages and said damages will continue indefinitely.

118.    As a direct and proximate result of Defendant's intentional actions with intent to injure, the child has suffered injuries and severe emotional distress

119.    The defendant's actions constitute a deliberate attempt to injure through bodily contact that is uncustomary to or prohibited by the rule of law.

120.    The defendant's actions were taken with the intent to injure the child, demonstrating a conscious disregard for his rights and safety. Therefore, Defendant is liable to Plaintiff for punitive damages.

121.    In light of the facts and legal precedents, particularly under **Ohio Rev. Code Ann. § 2744.03** and the ***Parmertor v. Chardon Loc. Sch***., it is clear that Defendant Thomas Weldon's actions not only constitute intentional assault and battery but also reflect a blatant disregard for the Child's well-being, warranting both compensatory and punitive damages.

## F.  SIXTH CLAIM OF RELIEF

### Intentional Infliction of Emotion Distress against the Individual Defendant

122.    Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1 through 121 above.

123.    Defendant Thomas Weldon acted intentionally and/or recklessly and knew or should have known that his actions could and/or would result in severe emotional distress to the child.

124.    The defendant's conduct was so extreme and outrageous, as described above, to go beyond all possible bounds of civility and is such that it would be considered utterly intolerable in a civilized society.

125.     Defendant's conduct, as described above, is so despicable, and so dangerous, that it exceeds all possible bounds of decency. It is atrocious, and utterly inexcusable in a civilized community - the community would certainly be outraged at the facts contained in this Complaint and harbor resentment against Defendant.

126.     The allegations in this Complaint are not mere insults, indignities, threats, annoyances, petty oppression, or other trivial matters.

127.     Thomas Weldon's acts were deliberate and malicious, negating any statutory immunity the district or school board may have otherwise claimed under ***Ohio Rev. Code Ann. § 2744.03***

128.     Under ***Ohio Rev. Code Ann. § 2744.03(A)(5),*** a political subdivision is immune from liability if the injury, death, or loss to person or property resulting from the exercise of judgment or discretion unless such judgment was exercised with malicious purpose, in bad faith, or a wanton or reckless manner. In this case, Defendant Thomas Weldon's conduct, characterized by wanton and reckless disregard for the Child's emotional well-being, meets this exception.

129.     In the context of intentional infliction of emotional distress, the conduct described constitutes "malice" as defined in ***Parmertor v. Chardon Loc. Sch., 2019-Ohio-328, 119 N.E.3d 436***. Malice is characterized by a conscious disregard for the rights and safety of others, leading to substantial harm.

130.     As established in ***Parmertor***, actions taken with a "bad faith" intention connotate a dishonest purpose or conscious wrongdoing, further supporting the assertion that Defendant Thomas Weldon acted in a manner that disregarded the emotional safety of the Child.

**131.**     As a direct and proximate result of Defendant's reckless conduct, the child suffered severe emotional distress, pain, and trauma. The plaintiff has incurred expenses and will require additional therapy and medical treatment, incurring additional medical expenses indefinitely into the future.

### G.  SEVENTH CLAIM OF RELIEF

### Negligent Hiring, Supervision, and Retention

**132.**     Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1 through 131 above.

**133.**     Defendants South Euclid Lyndhurst City School District, Rowland Elementary School, and Principal Lee Fuller had a duty to exercise reasonable care in hiring, retaining, and supervising their employees, including Thomas Weldon.

**134.**     Employers, including school districts, must exercise reasonable care in hiring, retaining, and supervising employees to ensure they do not harm students and others.

**135.**     The tort is set forth in the **Restatement of the Law 2d, Agency (1958), Section 213**, which provides: "A person conducting an activity through servants or other agents is subject to liability for harm resulting from his conduct if he is negligent or reckless:

" * * *

 "(b) in the employment of improper persons or instrumentalities in work involving risk of harm to others * * *." ***Evans v. Ohio State Univ., 112 Ohio App. 3d 724, 739, 680 N.E.2d 161, 170–71 (1996)***

**136.**     The elements necessary for a plaintiff to prove an action for **negligent hiring or retention** are:

" ' * * * (**1**) the existence of an employment relationship; (**2**) the employee's incompetence; (**3**) the employer's actual or constructive knowledge of such incompetence; (**4**) the employee's act or omission causing the plaintiff's injuries; and (**5**) the employer's negligence in hiring or retaining the employee as the proximate cause of plaintiff's injuries.' " ***Id.***

137.     To succeed on a **negligent supervision claim**, a plaintiff must demonstrate that: (**1**) the employer knew, or in the exercise of ordinary care should have known, of its employee's unfitness at the time the employee engaged in wrongful or tortious conduct; (**2**) through the negligent supervision of the employee, the employee's incompetence, unfitness, or dangerous characteristics proximately caused injuries to the plaintiff; and (**3**) there is some employment or agency relationship between the employee and the defendant employer. ***Bandstra v. Covenant Reformed Church, 913 N.W.2d 19 (Iowa 2018)***

138.     Defendant Thomas Weldon had a known history of complaints and disciplinary actions against him, indicating a pattern of behavior that posed a risk to students.

139.     On October 30, 2013, a document was issued notifying Defendant Thomas Weldon that a verbal warning was made due to the findings that Thomas Weldon left before the end of the contractual workday. It was also discussed that Thomas Weldon as a staff member along with those who work with him must monitor the students and supervise them during different times of the day. These times include but are not limited to: the classroom, lunch, hall transitions, and getting to and from the bus.

140.     On February 14, 2013, a document was issued notifying Defendant Thomas Weldon that a verbal warning was made due to the findings that Thomas Weldon picked up a chair to demonstrate to the student that it was not appropriate to do so. It was

emphasized that it is never appropriate for a staff member to act such as picking up a chair in a manner that could be perceived as threatening or dangerous as it poses a safety hazard.

141.     On November 18, 2022, Mr. Weldon engaged in serious misconduct involving inappropriate interactions with a community member both off and on school grounds, including but not limited to his failure to de-escalate a road rage incident with a community member that occurred off and on school grounds, his facilitation of and failure to take appropriate and professional actions to prevent the disruptive and unsafe effects of the road rage incident from coming onto school grounds, as well as his inappropriate use of a derogatory and offensive racial slur against the community member in the course of the November 18, 2022 road rage incident while students and staff were present.

142.     On May 25, 2023, Principal Lee Fuller evaluated Thomas Weldon for their annual South Euclid-Lyndhurst City Schools Evaluation Report for All OAPSE 207 Personnel. According to Principal Lee Fuller's evaluation, Thomas Weldon needs to develop strategies and learn methods/techniques for working with MD students. He requires many directions to complete tasks and needs frequent reminders on how to appropriately handle/manage students within the MD unit. Thomas Weldon needs to always account for students and move at a pace that ensures the safety of all students.

143.     Defendants Principal Lee Fuller, Rowland Elementary School, and South Euclid Lyndhurst City School District were aware of Defendant Thomas Weldon's past misbehavior and the danger he caused to the pupils.

144.     Defendant Thomas Weldon was an employee of Defendants Rowland Elementary School and South Euclid Lyndhurst City School District when the child was abused.

145.     Despite this knowledge, Defendants Principal Lee Fuller, Rowland Elementary School, and South Euclid Lyndhurst City School District neglected to take the right action, including supervision or termination, which would have saved the Child from harm.

146.     The statutory immunity that Defendants Principal Lee Fuller, Rowland Elementary School, and South Euclid Lyndhurst City School District may have otherwise claimed is nullified by their acts and inactions, which were not merely negligent but also constituted gross negligence and willful misconduct in their hiring, retention, and supervision of Defendant Thomas Weldon.

147.     Pursuant to **Ohio Rev. Code Ann. § 2744.03(A)(6)**, employees are immune from liability unless their actions were with malicious purpose, in bad faith, or a wanton or reckless manner. In this case, the acts and omissions of Defendant Principal Lee Fuller and other defendants, given their knowledge of Defendant Thomas Weldon's history and subsequent failure to act, amount to wanton and reckless conduct as described in ***Parmertor v. Chardon Loc. Sch., 2019-Ohio-328, 119 N.E.3d 436***, negating any potential immunity they might have claimed.

148.     As a direct and proximate result of the negligent hiring, retention, and supervision of Defendants Principal Lee Fuller, Rowland Elementary School, and South Euclid Lyndhurst City School District directly and proximately caused the Child's physical injuries, emotional distress, and other damages.

## VI.     CONCLUSION

In conclusion, the evidence unequivocally demonstrates that the Defendants—South Euclid Lyndhurst City School District, Rowland Elementary School, and Principal Lee Fuller—failed to uphold their fundamental duty to protect students by exercising reasonable care in the

hiring, supervision, and retention of Thomas Weldon. Despite being aware of Thomas Weldon's history of misconduct and the clear risks he posed, the Defendants willfully neglected to take corrective action, creating a dangerous environment that led directly to the Plaintiff's emotional and physical harm. This gross negligence and reckless indifference constituted a violation of both the trust placed in these institutions by the community and the Plaintiff's constitutional rights.

Although the Defendants may invoke statutory immunity under ***Ohio Rev. Code Ann. § 2744.03***, their immunity is overridden by their wanton and reckless misconduct, as their actions reflect a conscious disregard for student safety. The standards established in ***Parmertor v. Chardon Loc. Sch.*** further supports the conclusion that the Defendants acted with malice, bad faith, and reckless disregard, breaching their duties under both federal and state law. Additionally, as established under **42 U.S.C. § 1983** and reinforced by precedents such as ***Monell v. Department of Social Services*** and ***Doe v. Taylor Independent School District***, the Defendants' deliberate indifference and policy failures directly facilitated the violation of the Plaintiff's constitutional rights.

Accordingly, the Plaintiff respectfully requests that this Court grant the relief sought, including compensatory and punitive damages, to hold the Defendants accountable for their actions and omissions. This judgment is essential to secure justice for the Plaintiff, deter future misconduct, and reaffirm the importance of safeguarding the rights and welfare of all students within the jurisdiction of the Defendants. The Plaintiff seeks not only to redress the wrongs suffered but also to ensure that such egregious failures in oversight and care do not recur, thereby protecting the integrity of the educational system and the safety of those it serves.

## **PRAYER FOR RELIEF**

**WHEREFORE**, on all Counts set forth above, Plaintiffs pray for judgment in their favor and against Defendants, as follows:

A.  Compensatory damages in the amount in excess of $25,000.00 for each Count above;

B. Punitive damages in an amount to be determined at trial;

C. Pre- and/or post-judgment interest as allowed by law;

D. Reasonable costs and attorney's fees incurred in bringing this action; and;

E. Injunctive relief requiring Defendants to implement appropriate policies and training to prevent future incidents of abuse and ensure compliance with the law;

F. Any and all other relief that this Court may deem just and proper to adequately compensate Plaintiffs for their injuries in this matter.


Respectfully submitted,

*/s/ Gina A. Kuhlman*
**GINA A. KUHLMAN, ESQ. (0066552)**
**WATSON KUHLMAN, LLC**
75 Erieview Plaza, Suite #108
Cleveland, Ohio 44114
(216) 274-1100
(216) 339-4682
(216) 575-7664 (Fax)
ginakuhlman@kuhlwat.com
**Attorney for L.F, Jessica Franklin, and**
**Lance Franklin**

## JURY DEMAND

Pursuant to Civ.R. 38(B), Plaintiff hereby demands a trial by jury for all issues so triable.

*/s/ Gina A. Kuhlman*
**GINA A. KUHLMAN, ESQ. (0066552)**
**WATSON KUHLMAN, LLC**
75 Erieview Plaza, Suite #108
Cleveland, Ohio 44114
(216) 274-1100
(216) 339-4682
(216) 575-7664 (Fax)
ginakuhlman@kuhlwat.com
**Attorney for L.F, Jessica Franklin, and Lance Franklin**